**John DOE, a minor, By and Through his parent and next friend, Mary DOE, Plaintiff–Appellee,**

v.

**Charles SMITH, Commissioner, Tennessee Department of Education et al., Defendants.**

**Appeal of SUMNER COUNTY BOARD of EDUCATION, Defendant–Appellant.**

No. 88–5398.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 24, 1989.

Decided July 13, 1989.

Rehearing Denied Aug. 10, 1989.

Gary D. Buchanan (argued), Brentwood, Tenn., for plaintiff-appellee.

Charles W. Bone, Kimberly K. Whaley, Don C. Stansberry, Jr. (argued), Janet P. Medlin, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for defendant-appellant.

Before NELSON and NORRIS, Circuit Judges, and FRIEDMAN, District Judge.[*]

ALAN E. NORRIS, Circuit Judge.

Charles Smith, Commissioner of the Tennessee Department of Education, and the Sumner County Board of Education appeal from a decision of the district court under the Education For All Handicapped Children Act of 1975 ("the EAHCA"), 20 U.S.C. § 1400 *et seq.* (1978). The district court concluded that the school system had failed to provide John Doe with a free and appropriate public education as required by the EAHCA and ordered the school system to pay for his tuition at a private, residential facility. For the reasons discussed below, we reverse the district court and remand in

[*] The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation.

order that the administrative procedures prescribed by the EAHCA may be fully exhausted.

## I.

The EAHCA makes federal funds available to the states in order to assist them in educating handicapped children, on the condition that the states comply with the goals and procedures provided for by the Act. *Board of Educ. v. Rowley*, 458 U.S. 176, 179, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982). It was passed in response to the perception of members of Congress that handicapped children were excluded from schools or were not participating in their classrooms. *Id.* The main requirement of the EAHCA is that each participating state provide a "free and appropriate education" to all handicapped children within its jurisdiction. 20 U.S.C. § 1412(2). "[T]he 'basic floor of opportunity' provided by the Act consists of access to specialized instruction and related services which are individually designed to provide educational benefit to the handicapped child." *Rowley*, 458 U.S. at 201, 102 S.Ct. at 3048 (footnote omitted). While, in order to be "appropriate," the educational benefits provided by the states must be more than *de minimis, Polk v. Central Susquehanna Intermediate Unit 16*, 853 F.2d 171, 182 (3d Cir.1988), *cert. denied*, ─── U.S. ───, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989), they need not maximize the potential of each handicapped child commensurate with the opportunity provided nonhandicapped children. *Rowley*, 458 U.S. at 204 n. 26, 102 S.Ct. at 3049 n. 26. The standard is satisfied "by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." *Id.* at 203, 102 S.Ct. at 3049.

The public education required by the EAHCA is to be tailored to the unique needs of each handicapped child and set forth in an Individualized Educational Program ("IEP"). 20 U.S.C. § 1401(a)(18). An IEP is prepared by a representative of the local educational agency, the child's teacher, the child's parents, and, whenever appropriate, the child (together, the "M-Team"). 20 U.S.C. § 1401(a)(19). It must be reduced to writing and contain a statement of the present levels of educational performance, annual goals, the specific educational services to be provided, and objective criteria and evaluation procedures. *Id.* At least annually, a local educational agency must review the IEP and revise it when appropriate. 20 U.S.C. § 1414(a)(5).

The EAHCA also imposes various procedural requirements. For example, parents must be notified of any proposed change in their child's IEP. 20 U.S.C. § 1415(b)(1)(C). A parent who is dissatisfied with any aspect of his or her child's education is entitled to a due process hearing. 20 U.S.C. § 1415(b)(2). That hearing may be conducted by the state educational agency, or by the local educational agency or intermediate educational unit, although an employee of an agency or unit involved in the education or care of the child may not conduct the hearing. *Id.* Furthermore, if the hearing is before a local educational agency or intermediate educational unit, a direct appeal must be provided to the state educational agency. 20 U.S.C. § 1415(c). An aggrieved party may appeal from the decision of a due process hearing to either a state court or to federal district court. 20 U.S.C. § 1415(e)(2). The party challenging the administrative determination assumes the burden of persuading the court that the determination was incorrect. *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir.1988).

## II.

John Doe is a handicapped child as defined by § 1401(a)(1) of the EAHCA. He suffers from agenesis of the corpus callosum, which is a language disorder that impairs communication between the two hemispheres of his brain. At the time this action was initiated, Doe was sixteen years old and about to enter the tenth grade in the Sumner, Tennessee school system. With the exception of one year—when he attended a private school—he had been in the Sumner school system since he was in the second grade.

Doe's parents participated in the formation of his IEP for the 1984–85 school year; however, in the spring of 1985, they became dissatisfied with its implementation. His mother, Mary Doe, requested a due process hearing to resolve the dispute that had arisen between the Does and the school system. The state appointed an employee of another school system to conduct the due process hearing. The hearing was held on June 18, 1985, and the hearing officer determined that the school system had provided Doe with an appropriate education as required by the EAHCA. There was no appeal from that determination.

Doe attended the school system in 1985–86 and, on April 25, 1986, the M–Team, including Mary Doe, set out to develop a new IEP for the 1986–87 school year, the year he would be entering high school. According to the district court, the following occurred at that meeting:

Plaintiff's mother attended the meeting with her lawyer. The resource teacher attempted to explain what programs the high school could offer to assist plaintiff. Plaintiff's mother, however, prevented the teacher from describing the high school's program, telling the M–Team members that she was not there "to investigate the possibility of high school.... It was [not] appropriate." Instead, she requested that the M–Team develop an IEP placing plaintiff in the Brehm School, which is located in Carbondale, Illinois.... The M–Team refused plaintiff's mother's request and stated that it was not proper to go from an educational program that was almost the least restrictive to one that was the most restrictive. The lawyer accompanying plaintiff's mother then abruptly terminated the meeting stating that they intended to "test the limits of the law."

Without M–Team approval, Doe was removed from the Sumner school system and enrolled at the private school at a first-year cost of $18,425.05. On May 22, 1986, Doe filed an action in federal district court, alleging that the Sumner school system had failed to provide him with an appropriate education as required by the EAHCA. While that action was pending, the Does requested another due process hearing, which was held before a hearing officer in March of 1987. The hearing officer determined that, because the Does had bypassed the procedural requirements of the EAHCA, they were precluded from seeking reimbursement for Doe's first-year costs at the private school. Furthermore, with regard to future expenses at the private school, he determined that the issue was not ripe for review because the Sumner school system had not been given an opportunity to propose an IEP. The hearing officer suggested that the M–Team meet in order to consider an IEP for John.

That meeting occurred on May 28, 1987. The school system proposed an IEP for the 1987–88 school year with which Mary Doe did not agree. Rather than requesting a due process hearing on the adequacy of the plan, she filed a supplemental complaint in district court requesting that it find that the private school was an appropriate placement for John under the EAHCA, and seeking an award for reimbursement of costs incurred at the school.

After deciding that Doe had not waived his right to seek reimbursement because he was unilaterally placed in the private school, the district court concluded that test scores indicated that Doe had not progressed while attending the Sumner school system, and the system therefore had failed to provide an appropriate education. It reasoned that, based upon his performance at the private school, it was the least restrictive environment in which Doe could receive an appropriate education. Accordingly, it ordered the Sumner school system to pay for Doe's tuition at the private school. It is from that decision that the state has appealed.

### III.

A district court is faced with a two-fold inquiry on an appeal under 20 U.S.C. § 1415(e)(2). First, it must determine whether the state has complied with EAHCA procedures. Second, it must determine whether the proposed IEP is in substantive compliance with the EAHCA in that it is

reasonably calculated to enable a child to receive an educational benefit. *Rowley*, 458 U.S. at 206–07, 102 S.Ct. at 3050–51. District courts should avoid imposing their view of preferable educational methods upon the states, and proceed with the understanding that state and local educational agencies are charged by the Act with the primary responsibility for formulating the education to be accorded a handicapped child, and for choosing the educational method most suitable for the child's needs, since they possess the requisite specialized knowledge and experience on educational policy. *Id.* at 207–08, 102 S.Ct. at 3051–52. The Act contemplates that the special knowledge and experience of the agencies will be utilized in devising the plan, that it will be fine-tuned through the cooperation of the child's teachers and parents, and that the advice of a qualified and impartial hearing officer will be available concerning the adequacy of the plan.

This court has determined that *Rowley* "requires a *de novo* review [of the due process hearing] but that the district court should give due weight to the state administrative proceedings in reaching its decision." *Roncker ex rel. Roncker v. Walter*, 700 F.2d 1058, 1062 (6th Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983). That principle makes sense because federal courts are "generalists with no expertise in the educational needs of handicapped children," and will benefit from the factfinding of a state agency with expertise in the field. *Crocker v. Tennessee Secondary School Athletic Assoc.*, 873 F.2d 933, 935 (6th Cir.1989).

■ We agree with the district court that by unilaterally placing Doe in the private school, the Does did not waive a right to seek redress under the EAHCA. *School Comm. v. Department of Educ.*, 471 U.S. 359, 372, 105 S.Ct. 1996, 2004, 85 L.Ed.2d 385 (1985). Accordingly, the hearing officer incorrectly determined that he could not decide whether the proposed IEP for the 1986–87 school year was in substantive compliance with the EAHCA. After reaching that conclusion, however, the district judge should have remanded the case in order for the hearing officer to reach the substantive issue.

■ While *School Comm.* stands for the proposition that the parents' unilateral act of removing their child from a public school does not waive the right to seek reimbursement under the EAHCA, it does not mean that the procedures in the EAHCA may be by-passed. Absent a showing that exhaustion of the administrative process would be futile or inadequate, *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), "parents and guardians [must] *use* the state process which the act specifies shall be provided to them." *Crocker*, 873 F.2d at 935 (collecting cases).

[T]he Congressional emphasis upon full participation of concerned parties throughout the development of the IEP, as well as the requirements that state and local plans be submitted to the Secretary for approval, demonstrates the legislative conviction that adequate compliance with the procedures prescribed would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP.

Thus the provision that a reviewing court base its decision on the "preponderance of the evidence" is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review. The very importance which Congress has attached to compliance with certain procedures in the preparation of an IEP would be frustrated if a court were permitted simply to set state decisions at nought. The fact that § 1415(e) requires that the reviewing court "receive the records of the [state] administrative proceedings" carries with it the implied requirement that due weight shall be given to these proceedings.

*Rowley*, 458 U.S. at 206, 102 S.Ct. at 3051.

This court recently reiterated that the exhaustion requirement furthers the substantive purposes of the EAHCA by allowing the state to apply its expertise in an area where the needs of a handicapped child are better served by having the par-

ents and local educational agencies work together. *Crocker*, 873 F.2d at 935. In order for a reviewing court to accord "due weight" to state administrative proceedings, the court must accommodate the procedures contemplated by the Act so that there is an administrative decision to review. There was no such decision regarding the proposed IEP for the 1985–86 school year.

Likewise, the substantive propriety of the proposed IEP for the 1987–88 school year should have been addressed at a due process hearing. Toward that end, the Does were procedurally required to request a due process hearing, instead of going directly to the district court. *See, e.g., Evans v. District No. 17*, 841 F.2d 824, 831 (8th Cir.1988). We do not, therefore, decide whether the district court correctly determined that the Sumner school system had failed to provide Doe with an appropriate education. The district judge should have returned the case to the hearing officer once he determined that the officer incorrectly decided the procedural issue relating to the proposed 1986–87 IEP, and that there was no administrative decision with regard to the proposed 1987–88 IEP. The standards discussed in this opinion concerning the adequacy of a state's efforts to comply with the EAHCA will apply, should the district court be called upon to review future decisions of a state hearing officer.

## IV.

For the foregoing reasons, the order of the district court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.